﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190412-8067
DATE: October 31, 2019

REMANDED

Entitlement to service connection for an acquired psychiatric disorder claimed and stress and post- traumatic stress disorder (PTSD), is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from May 1981 to May 1984, and from July 1984 to May 1987. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the January 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board has recharaterized the Veteran’s PTSD claim as service connection for an acquired psychiatric disorder. Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009).

1. Entitlement to service connection for an acquired psychiatric disorder claimed and stress nad PTSD, is remanded.

After thorough review of this record, the Board finds that additional evidentiary development is warranted before a final decision may be reached.

The Veteran asserts that service connection for an acquired psychiatric disorder is warranted because it was incurred in service or otherwise related to service. 

In September 2009, the Veteran was afforded a VA medical examination in which he was diagnosed with intermittent explosive disorder and depressive disorder NOS. He indicated that the Veteran had anger issues prior to joining the military. While in the military he was relieved of duty due to anger outbursts. His post military work history is notable for quitting jobs because of anger. He is motivated now to seek compensation given his unemployment. His anger issues are not the result of military service. The examiner offered no further rationale for the provided opinion. The Board finds the September 2009 VA opinions inadequate for purposes of determining service connection. The examiner did not provide a sufficient rationale for the opinions stated and failed to address the Veteran’s depressive disorder all together. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from whether it is factually accurate, fully articulated, and has sound reasoning for the conclusion). It is not enough for the examiner to opine that the Veteran had anger issues before service and during service and therefore his psychiatric disorder was not related to service. 

The Board notes active duty service members are presumed sound, except as to defects noted on the entrance examination, unless the preexisting defect clearly and unmistakably preexisted service and clearly and unmistakably was not aggravated by service. 38 U.S.C. § 1111; 38 C.F.R. § 3.304 (b). No mental defect was noted on the Veteran’s entrance examination. 

Therefore, the Board finds that a pre-decisional duty to assist error has occurred and that the September 2009 VA exam is inadequate for rating purposes. As such, the Board finds that remand is warranted for a new VA opinion, as outlined further in the remand directives below. 

The matters are REMANDED for the following action:

1. Contact the Veteran and ask that he identify any outstanding VA and non-VA records pertaining to his acquired psychiatric disorder and that are not already of record. The RO should take appropriate measures to request copies of any outstanding records of pertinent VA or private medical treatment records and associate them with the claims file. Any negative response should be in writing and associated with the claims file.

2. The Veteran should be scheduled for an appropriate VA examination to determine the nature, extent, onset and etiology of any acquired psychiatric disorder found to be present. The claims folder should be made available and reviewed by the examiner. All indicated studies should be performed, and all findings should be reported in detail.

The examiner should provide a diagnosis of the Veteran’s acquired psychiatric disorder(s). If the examiner does not concur with the diagnoses of intermittent explosive disorder, depression NOS, or anxiety then the examiner should explain why.

Is there clear and unmistakable evidence that any identified acquired psychiatric disorder pre-existed the Veteran’s period of active service?

If the disorder pre-existed service, is there clear and unmistakable evidence that any identified psychiatric disorder was NOT aggravated beyond the natural progression as a result of active duty service?

If the acquired psychiatric disorder did not pre-exist, service the examiner is asked to address whether it is at least as likely as not (50 percent probability or more) incurred-in, caused by, or otherwise related to service? Please address the Veteran’s lay statements and post service records indicating the Veteran has an acquired psychiatric disorder and explain your answer by citing to supporting clinical data and/or medical literature, as deemed appropriate.

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Whitley, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.